THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 21-cv-4062 |
| | ) | |
| $44,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES the Plaintiff, the United States of America, by Richard Kim, Assistant United States Attorney, and respectfully states as follows:

**Nature of the Action**

1. This is an action *in rem* to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $44,000.00 in U.S. currency, which constitutes (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*); (2) proceeds traceable to such an exchange; (3) moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act; or (4) property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### The Defendants *In Rem*

2. The defendant is $44,000.00 in U.S. currency.

3. The defendant is currently in the custody of the United States.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Pursuant to 28 U.S.C. § 1355(b)(1)(A), this Court has *in rem* jurisdiction over the defendant and venue is proper in this district because the facts which give rise to this forfeiture occurred in Knox County, Illinois.

### Basis for Forfeiture

6. The defendant is subject to forfeiture pursuant 21 U.S.C. § 881(a)(6) because it constitutes (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*); (2) proceeds traceable to such an exchange; (3) moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act; or (4) property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering).

**Facts**

7.  On June 4, 2018, law enforcement responded to The UPS Store in Galesburg, Illinois, in reference to a suspicious package. The UPS Store employee identified Tearyll Shunick (Shunick) as the individual who came into the store to ship a small box (measuring 8" x 8" x 8") to California via next day delivery for $113.00. The box listed Shunick as the sender and the recipient as Chad Arie in Santa Clarita, California. Shunick told The UPS Store employee that the box contained a shirt and filled out the shipping order form indicating that it was clothing inside the box. Once Shunick paid the $113.00 to send the box, he left The UPS Store.

8.  Due to the strong odor of cannabis coming from Shunick's person and that Shunick was willing to pay $113.00 to ship a shirt, The UPS Store employee opened the package and found several money orders totaling $14,500.00, which were obtained from three different business and were left blank with no purchaser or payee listed, and $7,020.00 in U.S. currency that was vacuum sealed (in denominations of $100's, $50's, $20's and $10's). A canine certified and trained in detecting the odor of narcotics made a positive alert on the $7,020.00 in U.S. currency. Based on training and experience, law enforcement is aware that drug traffickers will often place money in vacuum sealed packages to avoid detection by a canine).

9.  Law enforcement contacted Shunick to discuss the interception of his package at The UPS Store and to advise that the cash and money orders would be seized. At the end of their conversation, Shunick was asked for his address so law

enforcement could send documents to him regarding the seizure. Shunick refused to provide his address and said he would pick up the documents at a later date but never did.

10. On December 5, 2020, law enforcement encountered a 2020 Mitsubishi Outlander, which had been stopped in the middle of the intersection for several minutes. The driver, later identified as Shunick, appeared to be sleeping (his eyes were closed and his head was leaning to the side) with the vehicle running. As law enforcement attempted to approach the vehicle and conduct the traffic stop, Shunick's vehicle began to slowly roll through the intersection and continued southbound until it came to a stop on the curb/sidewalk at the entrance of the Hy-Vee grocery store.

11. Shunick was stumbling and staggering as he exited and walked to the rear of his vehicle. Shunick returned to the driver's side after seeing the officer's patrol car. When Shunick was approached, law enforcement noticed a strong smell of alcohol on Shunick's person and a strong smell of cannabis coming from inside the vehicle. Shunick's was also disoriented, drowsy, did not understand commands, and had trouble keeping his balance and walking straight. Shunick refused to participate in a field sobriety test and was arrested. Shunick was transported to the Galesburg Police Department for DUI processing and was read his Miranda Warning at the police station.

12. Law enforcement searched Shunick's person and located a small amount of cash and 3.5 grams of cannabis flower from his front pants pocket, which field tested

positive. In the Mitsubishi, law enforcement discovered, a rental agreement from Enterprise in the name of Stephanie Mislich, an iPhone 11 Pro, and a military style book bag containing nine packages of cannabis seeds and 23 stacks of cash, which totaled $44,000.00, and in the following denominations:

    a.    20 stacks of $20.00 bills, which were primarily rubber banded into $1,000.00 and $2,000.00 bundles ($31,000.00);

    b.    1 stack of $20.00 bills ($500.00);

    c.    1 stack of $100.00 bills ($9,600.00); and

    d.    1 stack of $50.00 bills ($2,900.00).

13. Based on training and experience, law enforcement is aware that the $20 denomination is the most common bill used by drug traffickers to purchase narcotics. Shunick is well known to law enforcement in the Galesburg, Illinois, area as a drug trafficker based on his past criminal activities, arrests and a prior drug conviction.

14. Shunick was charged with driving on a suspected license, driving under the influence (DUI), resisting a police officer, and unlawful possession of cannabis. While Shunick was being processed for his arrest on the charges, he became belligerent and requested to use the bathroom. The officer explained to Shunick that he had to complete the DUI processing first before taking him to the bathroom (the officer had been told that Shunick on a previous arrest had attempted to hide contraband inside his private area). Shunick became aggressive, irate, non-cooperative, threatening to officers

and their children, pulled down his pants to expose his private parts, and rammed himself into the holding cell door.

15. When questioned about his employment, Shunick said that he did not have a job. Shunick advised that the cash totaling $2,780.00 in his wallet was his (in denominations of 7 - $100's; 15 - $50's and , 29 - $20's), but denied ownership of the iPhone 11 Pro. When asked if the book bag containing $44,000.00 in cash was his, law enforcement noticed that Shunick seemed surprised to learn there was cash in it, and responded that the money and book bag belonged to his "girl" and she had a job. Shunick advised multiple times the $44,000.00 was not his, and when asked for his girlfriend's name, he refused to answer.

16. Shunick's criminal history revealed 19 arrests, including but not limited to assault, obstruction, property damage, weapons offenses and dangerous drugs. Shunick has convictions for possession of controlled substance, aggravated battery to a peace officer, resisting a peace officer, and reckless driving.

17. Based on the detailed facts above, which support a reasonable belief that the government will be able to meet its burden of proof at trial, the defendant is subject to forfeiture pursuant 21 U.S.C. § 881(a)(6) because it constitutes (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*); (2) proceeds traceable to such an exchange; (3) moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the

Controlled Substances Act; or (4) property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays that this Court enter an order forfeiting the defendant to the United States of America for disposition according to law, for the issuance of a warrant *in rem*, for costs of suit, and for such other relief as the Court may deem necessary.

    Respectfully submitted,

    DOUGLAS J. QUIVEY
    ACTING UNITED STATES ATTORNEY

By:    s/Richard Kim
    Richard Kim, IL Bar No. 6226879
    Assistant United States Attorney
    United States Attorney's Office
    318 South Sixth Street
    Springfield, IL 62701
    Telephone: 217-492-4450
    Email: richard.kim@usdoj.gov

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on information and belief.

Executed on this 7th day of April, 2021.

                                                      s/Lane Mings

                                                     Task Force Officer Lane Mings